UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

GILMER CISNEROS-CALDERON, LUIS
DUGLLAY, ISAÍAS VELASQUEZ, DUGLAS
MONTENEGRO-AGUIRRE, JOSE
MONTENEGRO-AGUIRRE, and EVERARDO
CONCEPCION-SERRANO,

          Plaintiffs,

– against –

SALINAS ENTERPRISES, LLC, and
ERIC SALINAS,

          Defendants.

08 CIV. 6406

COMPLAINT

CV:

JUDGE ROBINSON

## PRELIMINARY STATEMENT

1. The instant action is brought by six workers for wage and hour violations suffered during their employment with Defendants Eric Salinas and his construction and remodeling company, Salinas Enterprises.

2. Specifically, Plaintiffs Gilmer Cisneros-Calderón, Luis Dugllay, Isaías Velasquez, Duglas Montenegro-Aguirre, Jose Montenegro-Aguirre, and Everardo Concepción-Serrano sue for unpaid wages, overtime premiums and other compensation owed to Plaintiffs based upon Defendants' regular and willful violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law, and New York contract law.

3. Plaintiffs regularly worked more than 40 hours in a work week – at times working more than sixty hours per week – but were never paid overtime for their work.

4. Defendants failed to pay most of the Plaintiffs for all of their hours worked. In some instances, Defendants inaccurately recorded Plaintiffs' hours, under-reporting hours that these Plaintiffs actually worked.

5. Defendants made illegal and unauthorized deductions from the paychecks of Plaintiffs.

6. As a result of these illegal deductions, Defendants failed to pay some Plaintiffs in accordance with federal and state minimum wage laws.

7. The spread of hours from the start to the finish of Plaintiffs' work days often exceeded ten hours, yet Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances on days when Plaintiffs' spread of hours exceeded ten hours.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1337 (acts relating to commerce).

9. Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

10. This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) as the Plaintiffs' state law claims involve the same case or controversy as Plaintiffs' federal claims.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because substantial part of the events and occurrences underlying this litigation, including

many of the unlawful employment practices described in this Complaint, were committed within this District and because Defendants reside and/or do business in this District.

### PARTIES

12. At all relevant times, Plaintiffs were employed by Defendants and resided in Westchester County, New York, and Fairfield County, Connecticut.

13. Defendant Salinas Enterprises, LLC. is a Connecticut corporation which has offices in Greenwich, Connecticut, and Port Chester, New York.

14. Defendant Eric Salinas is an individual residing at 104 Ritch Ave W, Unit 4, Greenwich, Connecticut 06830.

15. Eric Salinas exercised operational control over significant aspects of the day-to-day functions of the business a/k/a Salinas Enterprises, LLC.

16. Eric Salinas actively managed, supervised, and directed the business and operations of the Defendants' company, including but not limited to the company d/b/a Salinas Enterprises, LLC.

17. Eric Salinas had the power to establish, and did establish, the terms of employment for Plaintiffs.

18. Eric Salinas determined the salary to be paid to Plaintiffs.

19. Eric Salinas had the power to hire and fire Plaintiffs.

20. At all times relevant to this action, Defendants were "employers" of Plaintiffs within the meaning of the FLSA and New York Labor Law.

21. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA and New York Labor Law.

22. At all times relevant to this action, Defendants "employed" Plaintiffs within the meaning of the FLSA and New York Labor Law.

23. At all times relevant to this action, Plaintiffs were manual workers within the meaning of New York Labor Law § 190.

## STATEMENT OF FACTS

24. Defendants are in the business of remodeling residential and commercial properties in New York and Connecticut.

25. Defendants operate Salinas Enterprises, LLC, which maintained offices in Greenwich, Connecticut and Port Chester, New York at all relevant times.

26. Plaintiff Gilmer Cisneros-Calderon began working for Defendants in approximately June 2007, and stopped working for Defendants on or about January 5, 2008.

27. Plaintiff Luis Dugllay began working for Defendants in approximately June 2007 and stopped working for Defendants on or about January 5, 2008.

28. Plaintiff Isaias Velasquez began working for Defendants in approximately June 2007, and stopped working for Defendants on or about January 5, 2008.

29. Plaintiff Douglas Montenegro-Aguirre began working for Defendants in approximately March 2007, and stopped working for Defendant on or about January 5, 2008.

30. Plaintiff Jose Montenegro-Aguirre began working for Defendants in approximately May 2007 and stopped working for Defendant on or about January 5, 2008.

31. Plaintiff Everardo Concepción-Serrano began working for Defendants in approximately December 2007 and stopped working for Defendants on or about January 5, 2008.

32. The work of Plaintiffs included painting, construction and carpentry as well as a wide variety of "odd jobs" and assorted manual labor.

33. Plaintiffs often worked more than forty hours per week.

34. Plaintiffs were regularly not paid overtime at a rate of time and one-half of their regular hourly wages during the work weeks in which they worked more than forty hours.

35. Defendants regularly failed to post required posters informing Plaintiffs of their rights under state and federal employment laws.

36. The spread of hours from the start to the finish of Plaintiffs' work days often exceeded ten hours.

37. Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiffs' spread of hours exceeded ten hours.

38. On one or more occasions, Defendants failed to pay several Plaintiffs at all or paid them for fewer hours than they worked.

39. Specifically, and without limitation, on one or more occasions, Plaintiffs Dugllay, Cisneros-Calderon and Concepcion-Serrano were not paid for work performed at the start of the day.

40. On one or more occasions, Defendants made unlawful deductions from the paychecks of one or more Plaintiffs, including deductions for tools required for the job, uniforms and uniform cleaning, gas for transportation between job sites, customers' alleged failure to pay the Defendants, and for Plaintiffs' alleged workplace errors or mistakes.

41. On one or more occasions, one or more Plaintiffs incurred expenses while carrying out the duties assigned by Defendants which were not reimbursed.

42. As a result of these deductions and expenses, Plaintiffs did not receive their agreed upon hourly wage.

43. In addition, one or more Plaintiffs were paid less than the minimum wage in some weeks as a result of these deductions and expenses.

44. Plaintiff Gilmer Cisneros-Calderon was promised by Defendants an hourly wage of $9 per hour.

45. Plaintiff Luis Dugllay was promised by Defendants an hourly wage of $11 per hour.

46. Plaintiff Isaias Velasquez was promised by Defendants an hourly wage of $10 per hour.

47. Plaintiff Douglas Montenegro-Aguirre was promised by Defendants an hourly wage of $17 per hour.

48. Plaintiff Jose Montenegro-Aguirre was promised by Defendants an hourly wage of $15 per hour.

49. Plaintiff Everardo Concepción-Serrano was promised by Defendants an hourly wage of $17 per hour.

50. All Plaintiffs undertook work for Defendants based upon the wages they were promised.

51. At times during Plaintiffs' employment, Defendants failed to pay Plaintiffs the wages they promised to pay, in violation of their contracts with the Plaintiffs.

52. At all times and with regard to all of the allegations herein, including but not limited to Defendants' failure to pay as required by the FLSA and New York Labor Law, Defendants' actions were willfull.

53. During the course of their employment, the Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

54. At times during their employment, Plaintiffs, as employees of Defendants, engaged in interstate commerce, the production of goods for commerce, or activities closely related and directly essential to the production of goods for commerce.

55. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

56. Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

## CAUSES OF ACTION

### I. Fair Labor Standards Act

57. The Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

58. During Plaintiffs' employment, Defendants willfully failed to pay minimum wage and overtime premiums to Plaintiffs.

59. This failure violates the Fair Labor Standards Act, 29 U.S.C. §§206, 207 *et seq.* and its implementing regulations.

60. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

61. The Plaintiffs are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

62. The Plaintiffs are also entitled to attorneys fees and costs of Court, pursuant to 29 U.S.C. § 216(b).

### II. New York Labor Law

63. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

64. Defendants failed to pay minimum wage and overtime premiums to Plaintiffs in violation of New York Labor Law Article 19 and its implementing regulations, N.Y. Comp. Codes R. & Regs. tit. 12 §142-2.2, *et seq.*

65. Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances for every day when Plaintiffs' work days from start to finish were longer than ten hours.

66. Defendants' failure to pay Plaintiffs for this extra hour violates New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

67. Defendants made deductions from Plaintiffs' wages which were unlawful because said deductions were wholly unlawful, were not authorized in writing and/or were not for the employee's benefit, and because, in some weeks, these deductions brought one or more Plaintiffs' wages below the minimum wage.

68. Defendants required Plaintiffs to incur unreimbursed expenses in carrying out assigned duties.

69. Defendants' deductions and failure to reimburse employee expenses violates New York Labor Law § 193, and New York State Department of Labor regulations, including N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.5, -2.10 and 195.1.

70. Defendants' failure to pay Plaintiffs the required wages as set forth in the paragraphs above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

71. Plaintiffs are entitled to the unpaid wages mandated by New York Labor Law, plus an additional 25 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

72. Plaintiffs also seek, and are entitled to, attorneys fees and costs incurred by their counsel.

### III. Unjust Enrichment

73. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

74. By their actions, stated above, Defendants were unjustly enriched by services performed by Plaintiffs for Defendants.

75. The circumstances between Plaintiffs and the Defendants are such that equity and good conscience require Defendants to make restitution.

76. Plaintiffs have therefore been damaged by Defendants in an amount to be determined at trial.

### IV. Quantum Meruit

77. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

78. By their actions, stated above, Defendants wrongfully failed to pay Plaintiffs the reasonable value of the services performed by them for Defendants.

79. Plaintiffs have therefore been damaged in an amount to be determined at trial.

### V.   New York Contract Law

80. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

81. Plaintiffs performed work for Defendants based on a promise of certain hourly wages.

82. Defendants failed to pay these hourly wages.

83. By failing to comply with the terms and conditions of employment promised to Plaintiffs, Defendants violated their employment contracts entered into with Plaintiffs.

84. As a result of the Defendants' violations of these employment contracts, Plaintiffs suffered damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs request that this Court enter an Order:

    a. Assuming jurisdiction over this action;

    b. Declaring that Defendants violated the Fair Labor Standards Act and New York Labor Law;

    c. Permanently enjoining Defendants from further violations of the FLSA and New York Labor Law;

    d. Granting judgment to Plaintiffs on their FLSA claims and awarding each of the Plaintiffs his or her unpaid overtime and other wages and an equal amount in liquidated damages;

e. Granting judgment to Plaintiffs on their New York Labor Law claims and awarding each of the Plaintiffs his or her unpaid overtime and other wages as well as liquidated damages provided for by statute;

f. Granting judgment in favor of Plaintiffs on their unjust enrichment and quantum meruit claims and awarding each Plaintiff damages in an amount to be determined at trial;

g. Granting judgment in favor of Plaintiffs on their breach of contract claims and awarding each of the Plaintiffs damages in an amount to be determined at trial;

h. Awarding Plaintiffs prejudgment and postjudgment interest as allowed by law;

i. Awarding the Plaintiffs their costs and reasonable attorneys' fees; and

j. Granting such further relief as the Court finds just and equitable.

Dated: White Plains, New York
July 17, 2008

Respectfully Submitted,

SCHLANGER & SCHLANGER, LLP

By: _____
Daniel A. Schlanger (ds-9330)
daniel@schlangerlegal.com
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Tel: (914) 946-1981
Fax: (914) 946-2930

AND       WORKERS' RIGHTS LAW CENTER OF NEW YORK, INC.

                          Patricia C. Kakalec (PK-8452)
                          tkakalec@wnylc.com
                          101 Hurley Street, Suite 5
                          Kingston, NY 12401
                          Tel: (845) 331-6615
                          Fax: (845) 331-6617